UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-10031-CR-KING

**UNITED STATES OF AMERICA**

vs.

**JOSE GREGORIO SALAZAR,**

      **Defendant.**
_____/

**UNITED STATES OF AMERICA'S RESPONSE TO**
**<u>STANDING DISCOVERY ORDER</u>**

      The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    A disk containing copies of video-recorded statements by the defendants are attached

       2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

       3.    No defendant testified before the Grand Jury.

       4.    The NCIC record of the defendant will be provided upon receipt by this office.

       5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

           The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. However, the defendant identified himself in a photo during an interview. The photo is attached.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been

      identified by a government expert as those of the defendant.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Standing Discovery Order section B and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was: September 1, 2018.

The attachments to this response were sent via Fedex and U.S. Mail to counsel for the defendant on November 13, 2018. The attachments to this response are bates stamped as follows:

| CD/DVD | Summary |
|---|---|
| 1 | PDF document bates stamped 0001 – 0261, which includes but is not limited to the following: law enforcement reports, agent notes and statements, photographs, NCIC reports, consent/*Miranda* forms. |
| 2 | Video Recorded Interview |
| 3 | Video of Interdiction |
| 4 | Additional Photos and Videos |

Please contact the undersigned Special Assistant United States Attorney if any disk is missing or is not received.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   s/ *Philip A. Jones*
PHILIP A. JONES
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Court No. A5502457
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9136
Fax: (305) 530-7976
Philip.Jones@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, the undersigned electronically filed the foregoing document, Government's Response to the Standing Discovery Order, with the Clerk of the Court and the counsel of record using CM/ECF.

s/*Philip A. Jones*
PHILIP A. JONES
SPECIAL ASSISTANT UNITED STATES ATTORNEY