UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-10031-KING

UNITED STATES OF AMERICA

vs.

JOSE GREGORIO SALAZAR,

    Defendant.
_____/

## FACTUAL PROFFER

The United States and the defendant, Jose Gregorio SALAZAR, stipulate that if this case were to proceed to trial, the United States would prove the following facts, among others, beyond a reasonable doubt:

On or about September 28, 2018, a Dutch aircraft on routine patrol observed a suspicious boat forty nautical miles north of Aruba. The boat was dark blue, fully-covered with a tarp, and had a low profile. It had three outboard engines, four persons onboard, and was traveling north at a high rate of speed. A U.S. Coast Guard ("USCG") team was embarked on a Dutch warship in the area. A USCG law enforcement officer took flight on board a helicopter and located the vessel. The officer suspected the vessel of smuggling based upon its location far from shore, the low-profile design of the vessel, dark blue camouflaging paint, and speed of over 30 knots. As the vessel had no visible indicia of nationality, the USCG decided to conduct a "Right of Visit" ("ROV") boarding to determine the vessel's nationality.

The helicopter moved close to the vessel and hailed it via radio with orders to stop in English and in Spanish. The helicopter crew also held a sign that read, "STOP", and displayed a USCG flag. SALAZAR was observed operating the vessel. The vessel increased speed and began

making evasive turns. During this time, the helicopter continued to hail the vessel on the radio, ordering it to stop. The helicopter fired warning shots in front of the vessel. The vessel did not stop and continued evasive turns. The helicopter then employed disabling fire, shooting at the outboard engines in an effort to stop the boat. One of the engines caught fire from the shots and the vessel stopped. The fire spread rapidly and the four persons on board the vessel jumped into the water.

The vessel eventually sank after being consumed by fire. Upon being rescued, SALAZAR made a verbal claim of Venezuelan nationality for the vessel. The Government of Venezuela could neither confirm nor deny the registry of the vessel. The vessel was therefore a vessel without nationality pursuant to Title 46, United States Code, Section 70502(d)(1)(C) and subject to the jurisdiction of the United States pursuant to Title 46, United States Code, Section 70502(c)(1)(a).

SALAZAR was subsequently first brought to the United States at Key West, Florida on October 15, 2018. In an audio-recorded Post-*Miranda* statement SALAZAR admitted he saw the helicopter, but did not want to stop. He was shown a picture of himself operating the vessel and admitted he was the person depicted driving it.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 1/17/2019   By: _____
PHILIP A. JONES
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Date: 1/18/19   By: _____
STEWART ABRAMS
ATTORNEY FOR DEFENDANT

Date: 1/18/2019   By: _____
JOSE GREGORIO SALAZAR
DEFENDANT